FILED

2010 OCT 26  PM 1: 55

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DALE SMITH,<br><br>Petitioner,<br><br>v.<br><br>LARRY SMALL, Warden, et al.,<br><br>Respondents. | Civil No.   09cv2208-BEN (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO APPEAR PRO BONO;**<br><br>**(2) DENYING MOTION FOR STAY AND ABEYANCE; AND**<br><br>**(3) DISMISSING ACTION WITHOUT PREJUDICE** |

On October 6, 2009, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and paid the $5.00 filing fee. (Doc. No. 1.) On October 16, 2009, the Court dismissed the Petition because Petitioner indicated that he had not exhausted his state court remedies with respect to any claim presented in the Petition. (Doc. No. 2.) Petitioner was instructed that if he wished to proceed with this action he was required to file a First Amended Petition on or before December 15, 2009, in which he cured that pleading defect. (Id.)

On October 13, 2010, nearly a year later, Petitioner filed three documents: (1) an amended petition which has been docketed as a Motion to Amend the Petition; (2) a Notice of Appearance as Pro Bono Counsel which has been docketed as a Motion for leave of counsel to appear pro

1  bono; and (3) a Motion for Stay and Abeyance. (Doc. Nos. 7-9.) The amended petition indicates
2  that Petitioner is currently in the process of exhausting his state court remedies with respect to
3  the claims presented, having secured denials of his claims in the trial court on November 23,
4  2009, and the appellate court on January 11, 2010. (Amended Pet. at 3-4.) Petitioner indicates
5  that his claims are currently pending in the California Supreme Court. (Id. at 4.) Petitioner
6  admits that he has not completed exhaustion of his state court remedies, but requests the Court
7  to stay this action and hold his amended petition in abeyance until the California Supreme Court
8  rules on his claims. (Pet.'s Mot. for Stay at 2-3.)

9        The Motion for Counsel to appear pro bono is **GRANTED** pursuant to Southern District
10 of California Local Civil Rule 83.3g. The Motion for Stay and Abeyance is **DENIED** because
11 the Court does not have discretion to stay a habeas petition which contains only unexhausted
12 claims; the Court must dismiss such petitions. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.
13 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims,
14 . . . it may simply dismiss the petition for failure to exhaust), citing Jiminez v. Rice, 276 F.3d
15 478, 481 (9th Cir. 2001) (holding that court must dismiss petition containing no exhausted
16 claims); see also Rhines v. Weber, 544 U.S. 269, 274-77 (2005) (approving of the stay and
17 abeyance procedure for mixed petitions but repeatedly emphasizing that there remains a "total
18 exhaustion requirement" for federal habeas claims). Petitioner has admitted that his claims are
19 not exhausted, and it appears that he did not begin the process of exhausting his claims until after
20 this action was dismissed over a year ago.

21       Accordingly, this action is **DISMISSED** without prejudice for the same reasons set forth
22 in the Court's October 16, 2009 Order, namely, that Petitioner has failed to exhaust state court
23 remedies with respect to any claim presented. The dismissal is without prejudice to Petitioner
24 to present his claims in a new federal habeas petition, which will be assigned a new civil case
25 number, after he has exhausted his state court remedies.

26 IT IS SO ORDERED.
27 DATED: 10/25/2010

                                     Roger T. Benitez
                                       United States District Judge